IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG D. MILLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 25-cv-2226-SMY |
| | ) |
| ANTHONY WILLS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Petitioner Craig D. Miller, a prisoner at Menard Correctional Center, brings this *pro se* petition under 28 U.S.C. § 2254, challenging his conviction for first degree murder. For the following reasons, Miller's petition is **DENIED** as untimely.

**Procedural Background**

On July 14, 2014, Miller was charged by information with two alternative theories of first-degree murder and unlawful discharge of a firearm. *People v. Miller*, 2020 IL App (5th) 170404-U, ¶ 7. A jury found Miller guilty of first-degree murder, and he was sentenced to 40 years' imprisonment. *Id*. Miller appealed. The Illinois appellate court affirmed his conviction on November 30, 2020. *Id*. Miller next appealed to the Supreme Court of Illinois, which denied his leave to appeal on May 26, 2021. *People v. Miller*, 169 N.E.3d 343 (Ill. 2021). Miller sought a writ of certiorari in the United States Supreme Court, which was denied on December 6, 2021. *Miller v. Illinois*, 142 S. Ct. 625, 211 L. Ed. 2d 380 (2021).

On May 2, 2023, Miller filed a postconviction petition. *See People v. Miller,* 2024 IL App (5th) 230609-U, ¶ 14, *appeal denied,* 244 N.E.3d 230 (Ill. 2024). The trial court denied the petition on July 19, 2023. *Id*. Miller appealed and the appellate court affirmed the trial court on May 7,

2024. *Id*. Miller again appealed to the Illinois Supreme Court, which denied his motion for leave to appeal on September 25, 2024. *People v. Miller*, 244 N.E.3d 230 (Ill. 2024). On December 23, 2025, Miller filed a section 2254 habeas petition in this Court (Doc. 1).

## Discussion

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After reviewing the Petition, the undersigned concludes that this case is subject to dismissal.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Fla.*, 549 U.S. 327, 331 (2007). The one-year limitation runs from the latest of four possible dates: (A) the date on which the judgment of conviction became final; (B) the removal of a state-created unconstitutional impediment that prevented the applicant from filing the petition; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right is retroactive on collateral review; or (D) the date of uncovering previously undiscoverable evidence upon which the habeas claim is predicated. 28 U.S.C. § 2244(d)(1)(A)–(D). The limitation period is tolled for the pendency of a "properly filed application for State post-conviction or collateral review." 28 U.S.C. § 2244(d)(2).

Here, judgment became final on December 6, 2021, after the Supreme Court denied Miller's petition for certiorari. More than four years elapsed between that date and the filing of

Miller's 2254 petition on December 23, 2025. Miller's petition is therefore untimely unless the limitation period was tolled.

To take advantage of equitable tolling, Miller must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton,* 763 F.3d 674, 683 (7th Cir. 2014) (quoting *Holland*, 560 U.S. at 649); *see also Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). The "extraordinary-circumstance prong is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond his control." *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (cleaned up).

Miller asserts that his failure to timely file his habeas petition is due to his "learning disability, full scale IQ level, comprehension skills, education, and all-around mental capacity" which has prevented him from adequately accessing the courts without counsel or a competent alternate. A petitioner's limited resources is not a basis for invoking equitable tolling. *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) (collecting cases). As such, Miller has not shown that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition.

Accordingly, Miller's habeas petition (Doc. 1) is **DENIED** as untimely. This action is **DISMISSED with prejudice** and judgment shall enter accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2254 motion, instead, he must first obtain a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). This

requires a finding that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Miller has not demonstrated that reasonable jurists would disagree with the Court's timeliness determination. Therefore, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED: February 19, 2026**

*[signature]*

**STACI M. YANDLE**
**Chief United States District Judge**